ORIGINAL

THIERMAN LAW FIRM
Mark R. Thierman (SBN 72913)
7287 Lakeside Drive
Reno, NV 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027
laborlawyer@pacbell.net

Attorney for Plaintiffs
Tasso Koumoulis, Robert Earl, and Christos Hatzis

FILED
SEP 8 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'09 CV 1973 DMS BLM

| | |
|---|---|
| TASSO KOUMOULIS, ROBERT EARL, AND CHRISTOS HATZIS, on behalf of themselves and all others similarly situated, | CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR: |
| Plaintiffs, | 1) Recovery of Overtime Compensation for Financial Consultants under the Fair Labor Standards Act and applicable state laws |
| v. | |
| LPL FINANCIAL CORPORATION, a California Corporation, | |
| Defendant. | |

BY FAX

CLASS ACTION COMPLAINT FOR OVERTIME COMPENSATION

Plaintiffs Tasso Koumoulis, Robert Earl, and Christos Hatzis individually and on behalf of others similarly situated, complain as follows:

1. This is a national class and national collective action brought on behalf of all persons who, at any time during the applicable statutes of limitation, are or were employed as Financial Consultants at any of the offices or places of business of LPL Financial Corporation in the United States or its territories.

## JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act ("FLSA") and under the labor codes of individual states of the United States and its territories, and in particular New York Labor Code Section 93, et seq. This Court has jurisdiction pursuant to (a) 28 U.S.C. § 1331 (federal question jurisdiction) because it raises claims under a federal statute, (b) 28 U.S.C. § 1332(d) (Class Action Fairness Act) because the New York sub-class' claims alone in this action exceed $5,000,000 exclusive of interest and costs, named Plaintiffs are residents of the State of New York, and, upon information and belief, Defendant LPL is a California Corporation with its principle place of business in California and/or is a corporation not incorporated in the State of New York and with its principal place of business not located within the State of New York.

3. Pursuant to 28 USC §1391, venue is proper in the Central District of California because the defendant LPL Financial Corporation, is a California corporation with its corporate offices located with the City of San Diego, within this District.

## PARTIES

4. The defendant LPL Financial Corporation is a California corporation with its principal place of business in San Diego, California which at all relevant times was

1

engaged in the business of providing stock brokerage services to banks and other financial institutions, and their customers, throughout the United States.

5. The Defendant operates, and within the last six years, has operated a division of consisting of approximately 3,000 employees possessing a Series 6 and/or 7 SEC license who performed the duties of a stock broker throughout many of the states of this nation, usually as subtenants or subcontractors to Banks and other financial institutions. These stock broker employees appeared to the public as if they were employees of the various financial institutions and banks in which their offices were located, and sold financial securities, stocks, bonds, annuities and other forms of financial investments to the customers of the bank and/or financial units in which their offices were located. At all times, wage and hour and other related employee compensation policies of such employees were dictated, controlled by, and/or ratified by the Defendant. Although these stock brokers may or may not have been jointly employed under the common law by the financial institutions in which their offices were located, they were each directly employed, controlled and payroll was made with appropriate employee status withholdings by Defendant herein.

6. Within the applicable statute of limitations under both New York and federal law, Plaintiffs Tasso Koumoulis, Robert Earl, and Christos Hatzis were employed by Defendant as stock brokers within a bank located within the state of New York, and were required, suffered and/or permitted to work in excess of 40 hours a

week without overtime premium compensation as required by both New York and federal Wage Hour Law.

## FACTUAL ALLEGATIONS

7. This is a class and collective action brought on behalf of all persons who worked as Financial Consultants and/or stock brokers for the Defendant, and who were directly on Defendant's payroll as w-2 employees, but who were improperly classified as exempt from overtime compensation. It includes persons so employed throughout the United States who now seek to recover overtime wages due to them, regardless of what common law employment relationship these employees may have with other employers.

8. The typical brokerage location where the Financial Consultants operated while employed by the Defendant is in a bank or other financial institution, staffed by a branch manager, and including one or more other financial consultants, and sometimes including one or more other individuals to provide administrative or clerical support.

9. The named plaintiffs and all other members of the class are inside sales people who generally were paid primarily and/or solely on a commission basis. The named plaintiffs and other Financial Consultants employed by the Defendant were routinely required to work over 40 hours per week, but did not receive premium overtime compensation despite the provision of Sections 6 and 7 of the FLSA, and comparable state laws, requiring all non-exempt employees to receive a premium overtime compensation of at least one and one half their "regular rate" for all hours worked over 40 in a workweek. Under federal wage hour law, and in most states other than

3

California, the regular rate is determined by dividing the total compensation for the workweek, divided by the total hours worked during that same workweek. (In California, the divisor is fixed at 40).

10. Although some of the class members may have had a draw or advance against wages, at no times relevant herein, during the applicable statute of limitations was that draw sufficient to equal the minimum salary required for any so-called "white collar" exemption to the overtime laws. In other words, even if such draws or advances were to be deemed a salary, which they were was not because they were not "free and clear", but even if it was deemed a salary, it was insufficient to meet the salary component of either the federal or any state administrative exemption test. In fact, Plaintiffs and Plaintiff class had the sale of financial products as their primary duty and were compensated solely on the basis of sales of such financial products by commission payments, which are, by definition, payment of wages related directly to the quantity and quality of work performed (and therefore, not a salary).

11. Plaintiffs and all members of the Plaintiff class had the primary duty of (and were, to the extent relevant, primarily engaged in) the sale of financial products, which products are intended for later resale, investment and therefore the business itself lacks a retail concept required for the inside retail sales exemption under the section 7(i) of the federal Fair Labor Standards Act, (29 U.S.C. Section 207(i), hereafter referred to as the "FLSA."). In addition, more than 25% of the Defendants sales came from or were executed in states other than California, its principle place of business, the major stock

market and commodity trading exchanges in this country being located in New York and Chicago.

12. The named plaintiffs and other class members were also not exempt from the overtime premium provisions of the FLSA pursuant to the so-called white collar exemptions of the FLSA. The members of the Plaintiff class were not exempt as executive or supervisory employees because, among other reasons, their primary duty was not to supervise of two or more employees, or make any significant personnel decisions regarding other employees.

13. The members of the Plaintiff class were not exempt as professionals, because, among other reasons, it is not necessary to perform the functions of their job to pursue a prolonged course of training and education in a recognized field of scientific achievement or intellectual study, or to possess an advanced degree of any sort other than an appropriate license from the Securities and Exchange Commission, typically earned after less than a few months of study.

14. Likewise, Plaintiff and members of Plaintiff class are not covered by the administrative exemption because, among other reasons, they did not function in an administrative capacity on behalf of Defendant or its customers, as that term is defined by law. The Defendant's Financial Consultants did not meet the criteria for the administrative exemption in any state because they are production workers and their primary duty does not consist of the performance of office or non-manual

field work directly related to management policies or general operations of their employer or its customers.

15. Finally, the sales of financial products and stocks are almost always made in the office, although solicitations and presentation and prospecting may occur elsewhere, such that the outside sales exemption does not apply to these employees.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this action individually and on behalf of the following class:

> All persons employed as W-2 employees by Defendants in the United States who worked as Financial Consultants, stock brokers, and /or other job classifications that directly sold financial products to the public or other institutions, and who were not paid overtime premium wages of at least one and one half their regular rate, for every hour worked in excess of 40 in a workweek.

13. The named plaintiffs' claims are typical of the class claims because all were harmed by the common practices of the Defendant in failing to pay overtime.

14. The named plaintiffs will fully and adequately represent the interests of the class. They have retained counsel that is familiar with employment and class action law. The named plaintiffs have no interests that are contrary to or in conflict with those of the class. The number of members in the class is believed to be approximately 3,000, which makes it impossible to bring all these individuals before the Court. The identities of all class members are readily available, as are the days worked and the pay rates of each class member.

15. A class action is superior to other available means for the efficient adjudication of this lawsuit. Individual litigation could be prohibitively expensive against large business entities like the Defendant and it would be unduly burdensome to the justice system. Concentrating this litigation in one forum will

promote judicial consistency and economy. Notice of this action can be provided to class members since their identities and addresses are contained within their personnel files.

16. This type of action is especially well-suited for class treatment because the burden is on the employer to prove exemption and because the employers' practices were uniform.

17. Federal Circuit Court authority has held that the provisions of the FLSA opt in collective action are not inconsistent with maintaining a New York State overtime opt-out Rule 23 style class action, and the Plaintiffs seek to represent both the opt out class in New York during the six year statute of limitations and the FLSA opt in collective class during the three year statute of limitations, plus liquidated damages, period.

18. Many issues of law or fact are common and they predominate over any individual questions. These common issues include:

  a. Whether Defendant's Financial Consultants were uniformly classified as exempt, in violation of the FLSA and/or state labor law and wage orders;

  b. Whether Defendant failed to pay plaintiffs and class members all the overtime compensation due them by virtue of their uniform designation of employees as exempt;

  c. Whether plaintiffs and class members were expected to and/or mandated to regularly work overtime;

  d. The correct method of calculating back overtime pay;

  e. Whether plaintiffs and class members are entitled to restitution;

promote judicial consistency and economy. Notice of this action can be provided to class members since their identities and addresses are contained within their personnel files.

16. This type of action is especially well-suited for class treatment because the burden is on the employer to prove exemption and because the employers' practices were uniform.

17. Federal Circuit Court authority has held that the provisions of the FLSA opt in collective action are not inconsistent with maintaining a New York State overtime opt-out Rule 23 style class action, and the Plaintiffs seek to represent both the opt out class in New York during the six year statute of limitations and the FLSA opt in collective class during the three year statute of limitations, plus liquidated damages, period.

18. Many issues of law or fact are common and they predominate over any individual questions. These common issues include:

    a. Whether Defendant's Financial Consultants were uniformly classified as exempt, in violation of the FLSA and/or state labor law and wage orders;

    b. Whether Defendant failed to pay plaintiffs and class members all the overtime compensation due them by virtue of their uniform designation of employees as exempt;

    c. Whether plaintiffs and class members were expected to and/or mandated to regularly work overtime;

    d. The correct method of calculating back overtime pay;

    e. Whether plaintiffs and class members are entitled to restitution;

f.      Whether Defendant is liable for prejudgment interest; and

g.      Whether Defendant is liable for attorney's fees and costs.

### FIRST CLAIM FOR RELIEF

### Violations of the Fair Labor Standards Act: Overtime Pay

19. Plaintiffs hereby reallege and incorporate by reference all paragraphs above as though fully set forth in detail.

20. Plaintiffs bring this First Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

21. The Defendant failed to pay numerous persons, who performed work for the Defendant and who are similarly situated to plaintiffs, the compensation required by the FLSA, 29 U.S.C. §§206, 207 for the work, labor and services they provided to the Defendant, and plaintiffs seek to take appropriate proceedings to have such persons notified of the pendency of this action and join this action as plaintiffs pursuant to 29 U.S.C. § 216(b) by filing written consents to join with the Court.

22. As a result of the foregoing, plaintiffs seek judgment against the Defendant on behalf of themselves and on behalf of those similarly situated who file written consents to join in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices

complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the Defendant to the plaintiffs and such other persons similarly situated pursuant to 29 U.S.C. §§206, 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney fees, as provided for under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime Wages Required By State Laws

22. Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

23. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to overtime pay for all hours in excess of forty in a week pursuant to the, laws, regulations and wage orders of states where class members were employed by the Defendant. In New York, the statutory mandate is contained in NYCRR section 142-2.2.

24. For the reasons stated above, Plaintiffs, and members of plaintiffs class were not exempt from the premium overtime provisions of any state overtime law, including the laws of the State of New York.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

a.     An order directing that the Defendant compensate plaintiffs and members of the class according to law for overtime hours worked;

b.     An order directing that the Defendant pay prejudgment interest, reasonable attorney fees and costs; and

c.     Further orders directing such relief as this Court may deem just and proper.

Dated this 8th day of September, 2009.

THIERMAN LAW FIRM, P.C.

By: _____
MARK R. THIERMAN



JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tasso Koumoulis, Robert Earl, and Chirstos Hatzis

(b) County of Residence of First Listed Plaintiff: **out of state**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thierman Law Firm, 7287 Lakeside Drive, Reno, NV 89511 (775) 284-1500

### DEFENDANTS
LPL Financial Corporation, a California Corporation

County of Residence of First Listed Defendant: **SD**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): **09 CV 1973 DMS BLM**

FILED SEP 8 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY
BY FAX

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
☒ 710 Fair Labor Standards Act

## V. ORIGIN
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 29 U.S.C. Section 207, 216
Brief description of cause: Recovery of overtime compensation under Fair Labor Standards Act and applicable state laws

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
JURY DEMAND: ☒ No

## VIII. RELATED CASE(S) IF ANY

DATE: 09/08/2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 5043  AMOUNT 350  9/9/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005043
Cashier ID: sramirez
Transaction Date: 09/09/2009
Payer Name: ONE LEGAL LLC
----------------------------------
CIVIL FILING FEE
 For: KOUMOULIS V. LPL FINCL. CORP.
 Case/Party: D-CAS-3-09-CV-001973-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: D3108935
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```