UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASSO KOUMOULIS, ROBERT EARL, and CHRISTOS HATZIS, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>LPL FINANCIAL CORPORATION, a California Corporation,<br><br>               Defendant. | Case No. 09cv1973-BLM<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 27] |

    Class Plaintiffs Tasso Koumoulis, Robert Earl, and Christos Hatzis ("Plaintiffs") filed a motion requesting the setting of a fairness hearing, preliminary approval of the class action settlement, preliminary certification of the class for the purpose of settlement, approval of the form and content of the Notice, Claim Form and Exclusion Form, approval of the method of providing notice to the class, approval of Class Counsel, Class Representatives, and Claims Administrator, and declaring a settlement date, and the setting of a final fairness and approval hearing. Doc. No. 27. Plaintiffs' motion is supported by the

Declaration of Mark R. Thierman, which sets forth the Joint Stipulation of Settlement and Release and proposed forms. Doc. No. 27-1. The Joint Stipulation of Settlement Release was executed by all parties in two documents. Id. at 9-31; Doc. No. 31. After the preliminary fairness hearing, Plaintiffs submitted a modified Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval, which was filed on July 14, 2010. Doc. No. 33.

Having considered the submitted documents and the court proceedings, the Court hereby finds that:

(a) The proposed settlement has been negotiated at arms' length and is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as hereinafter defined);

(b) With respect to the proposed Settlement Class (as hereinafter defined), this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that certification is appropriate pursuant to Federal Rule of Civil Procedure 23. In particular, the Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that (1) the members of the proposed Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (2) there are questions of law and fact common to the proposed Settlement Class; (3) the claims of the proposed Class Representative plaintiffs are typical of the claims of the members of the proposed Settlement Class; (4) the proposed Class Representative plaintiffs and proposed Settlement Class Counsel have and will fairly and adequately protect the interests of the proposed Settlement Class; (5) Class Counsel is competent to represent the Class Representative plaintiffs in their representative capacities; (6) the prosecution of

separate actions by individual class members could create a risk of inconsistent or varying adjudications or, as a practical matter, be dispositive of the interests of other class members not parties to the individual adjudications; (7) the questions of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members; and (8) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy; and

(c) The form of the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval (doc. no. 33), and the method of providing such Notice to the proposed Settlement Class (as described and defined in the Joint Stipulation of Settlement and Release), comply with Rule 23 of the Federal Rules of Civil Procedure and with due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this litigation.

IT IS THEREFORE ORDERED THAT:

1. The proposed settlement as reflected in the Joint Stipulation of Settlement and Release (doc. no. 27-1) and modified in the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval (doc. no. 33) is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as hereinafter defined). The settlement is therefore preliminarily approved.

2. For purposes of effectuating the settlement only, the following class (the "Settlement Class") is conditionally certified and approved:

> The named Plaintiffs, Tasso Koumoulis, Robert Earl, and Christos Hatzis, and all employees of IFMG Corporation ("IFMG") and/or LPL Financial Coporation ("LPL") who were employed by IFMG and/or LPL in the state of New York, including individuals employed at IFMG and/or IFMG employees who thereafter became employed by LPL during the Covered Period (defined in section II. C. and II. D. of the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval) doing the work of the following positions ("Covered Positions"): financial advisors, stock brokers, registered representatives, investment consultants, or financial consultants.

See Doc. No. 33 at 2 n.1.

3. Tasso Koumoulis, Robert Earl, and Christos Hatzis are designated and appointed representatives of the Settlement Class.

4. Mark R. Thierman and the Thierman Law Firm are designated and appointed as Settlement Class Counsel.

5. The Parties' mutually agreed upon Claims Administrator, Rust Consulting Inc., is designated and appointed as Claims Administrator.

6. The Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval, and the Claim Form and the Exclusion Form attached thereto, are approved.

7. LPL shall, within ten (10) days of this Order, serve upon the appropriate State official of each State in which a a Class Member resides and the Attorney General of the United States a notice of the proposed settlement in compliance with the requirements of CAFA.

8. LPL shall, within thirty (30) days of this Order, provide the Claims Administrator with a database of all putative Class Members in accordance with the provisions set forth in paragraph 34 of the Joint Stipulation of Settlement and Release (doc. no. 27-1).

9. The Claims Administrator will, within forty (40) days of the entry of this Order, send the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court

Approval, together with a Claim Form and an Exclusion Form, to the Class Members in accordance with paragraph 32 of the Joint Stipulation of Settlement and Release. The sending of the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval, Claim Form, and Exclusion Form in accordance with paragraphs 32-37 of the Joint Stipulation of Settlement and Release will constitute the "Class Notice." The Court finds that this Class Notice fully complies with the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is sufficient notice to all persons entitled to notice of the proposed settlement.

10. Members of the Settlement Class may request exclusion from the Settlement Class and object to or comment on the proposed settlement as provided in the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval. Members of the Settlement Class must comply with the requirements and deadlines set forth in the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval.

11. The date of this Order is deemed the settlement date for the purposes of CAFA notice to the appropriate officials.

12. A hearing to determine whether the settlement should be given final approval, and to determine whether the requested attorneys' fees, enhancements to Class Representatives, and Costs of Administration (as discussed in Sections II. J., K., and L. of the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval) should be approved by the Court (the "Final Approval Hearing"), will be conducted on November 1, 2010 at 9:30 a.m.

in Courtroom 2.  The deadline to file a motion for final approval shall be twenty-one (21) days prior to the scheduled date of the Final Approval Hearing.

13. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

**IT IS SO ORDERED.**

DATED:  July 14, 2010

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge