1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 TASSO KOUMOULIS, ROBERT EARL, and CHRISTOS HATZIS, on behalf of themselves and all others similarly situated, | Case No. 09cv1973-DMS (BLM) |
| 12 | **SUPPLEMENTAL ORDER OF APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND ORDER OF DISMISSAL** |
| 13 Plaintiffs, | |
| 14 v. | |
| 15 | [ECF No. 37] |
| 16 LPL FINANCIAL CORPORATION, a California Corporation, | |
| 17 Defendant. | |

21     This matter having come before the Court for hearing on November 1, 2010, pursuant to

22 the Order of this Court dated July 14, 2010, for final approval of the settlement set forth in the

23 Joint Stipulation of Settlement and Release ("Settlement") filed with this Court on April 23, 2010,

24 and due and adequate notice having been given to the Plaintiffs and the Class as required in said

25 Order, and the Court having considered all papers filed and proceedings had herein and otherwise

26 being fully informed of the premises and good cause appearing thereof, it is hereby ORDERED,

27 ADJUDGED and DECREED THAT:

28 ///

1.  All terms used herein shall have the same meaning as defined in the Settlement.

2.  This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all Plaintiffs.

3.  Distribution of the Notice directed to the Plaintiffs as set forth in the Settlement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Plaintiffs who could be identified through reasonable effort, and was the best notice practicable under the circumstances.  This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  Of 151 putative Class Members, zero (0) Class Members have objected to the Settlement.

4.  This Court hereby approves the Settlement and finds that it is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations.  The Court further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.  The Court has reviewed the relevant facts and law, including, but not limited to, all previous pleadings filed in this Action and the Declarations and Points and Authorities submitted by the Parties.  The Court finds that the Class properly is certified as a class for settlement purposes only.

///

5.   For the purposes of the Settlement and this Judgment, the Settlement Class is hereby unconditionally certified as follows:

> The named Plaintiffs, Tasso Koumoulis, Robert Earl, and Christos Hatzis, and all employees of IFMG Corporation ("IFMG") and/or LPL Financial Corporation ("LPL") who were employed by IFMG and/or LPL in the state of New York, including individuals employed at IFMG and/or IFMG employees who thereafter became employed by LPL during the Covered Period (defined in section II. C. and II. D. of the Notice of Pendency of Class Action and Opportunity to Opt In, Proposed Settlement and Hearing Date for Court Approval) doing the work of the following positions ("Covered Positions"): financial advisors, stock brokers, registered representatives, investment consultants, or financial consultants.

6.   As of the Settlement Effective Date, each and every Released Claim of each and every Class Member is and shall be deemed to be conclusively released as against the Released Parties. All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

7.   The Settlement is not an admission by LPL Financial Corporation or any of the other Released Parties, nor is this Judgment a finding of the validity of any claims in the action or of any wrongdoing by LPL Financial Corporation or any of the other Released Parties.  Neither this Judgment, the Settlement, nor any documents referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as an admission by or against LPL Financial Corporation or any of the other Released Parties of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by LPL Financial Corporation or any of the other Released Parties and shall not be offered in evidence in any action or proceedings against LPL Financial Corporation or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Settlement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the action or in any other proceeding the Judgment, Settlement, or any other papers and records on file in the action

as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.  The Court hereby dismisses the action on the merits and with prejudice by Named Plaintiffs Tasso Koumoulis, Robert Earl, and Christos Hatzis, on behalf of themselves and all others similarly situated in favor of LPL Financial Corporation and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided in the Settlement.

9.  From the total settlement amount of $470,000, the Court hereby awards Class Counsel attorneys' fees and litigation costs in the amount of **$122,178.85** ("Award of Fees and Costs"). Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action.  The Court also hereby approves the enhancement to the Named Plaintiffs, Tasso Koumoulis, Robert Earl, and Christos Hatzis, on behalf of themselves and all others similarly situated, in the amount of **$6,000** to each Class Representative (for a total of **$18,000**).  The Court also approves the payment of claims administration expenses in the amount of **$17,000**.  Any separate appeal from the portion of this Judgment as to the Award of Fees and Costs shall not operate to terminate or cancel the Settlement or otherwise affect the finality of this Judgment.

10.  The Court finds that the Settlement is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims.

**IT IS SO ORDERED.**

DATED:  November 19, 2010

BARBARA L. MAJOR
United States Magistrate Judge